UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BIG VISION PRIVATE LIMITED,                  :     Case No. 11 Civ. 8511 (ALC) (THK)

                          Plaintiff,          :

                                              :     [~~PROPOSED~~] STIPULATED
        -against-                             :     PROTECTIVE ORDER

E.I. DU PONT DE NEMOURS & COMPANY,            :

                          Defendant.          :

                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## 1.    PURPOSES AND LIMITATIONS

The Court recognizes that at least some of the materials, documents, and information to be exchanged throughout the course of the litigation between the parties and/or subpoenaed third parties may contain trade secret or other confidential research, development, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), and may also contain non-public financial data, business strategies, product or operational information, or other highly sensitive confidential information. The purpose of this Stipulated Protective Order ("Order") is to protect the confidentiality of such materials as much as practical during the litigation.

## 2.    DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     CONFIDENTIAL INFORMATION: information (regardless of how it is generated, stored or maintained), documents, or tangible things that any Designating Party reasonably and in good faith believes contains, reflects, or comments upon proprietary, confidential, or sensitive personal or business information, including information, documents and

things, that qualify for protection under Federal Rule of Civil Procedure 26(c), including without limitation trade secret or other confidential research, development, technical, cost, price, financial, marketing or other commercial information.

 2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their paralegals and support staff).

 2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

 2.5 Discovery Material: all documents, things, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

 2.6 Outside Consultant or Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

 2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION": extremely sensitive "CONFIDENTIAL INFORMATION," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

 2.8 House Counsel: attorneys who are employees of a party to this action who have responsibility for overseeing or managing this action and are identified in paragraph 7.3(b) or

later designated as House Counsel for this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their paralegals and support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

- 3 -

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take care to limit any such designation to specific material that the Designating Party reasonably and in good faith believes qualifies as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION as defined herein.

- 4 -

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of any document that contains Protected Material. To the extent that Electronically Stored Information ("ESI") is produced by any Party or Third-Party, the Designating Party shall also affix a label to the CD, DVD, or hard drive on which the ESI is stored indicating that it contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
copied and produced, the Producing Party must determine which documents qualify for
protection under this Order. Then, before producing the specified documents, the Producing
Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY") to each page of any document that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the
Designating Party identify on the record, before the close of the deposition, hearing, or other
proceeding, all protected testimony and specify the level of protection being asserted.
Alternatively, the Designating Party may have up to 14 days after receipt of the deposition or
proceeding transcript to identify the specific portions of the testimony as to which protection is
sought and to specify the level of protection being asserted. Only those portions of the testimony
that are appropriately designated for protection within the 14 days shall be covered by the
provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or
proceeding, or up to 14 days after receipt of the transcript if that period is properly invoked, that
the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."  All transcripts shall be treated during the 14-day period as if the
entire transcript had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY."  After the expiration of that period, the transcript shall be treated only as actually
designated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing
or other proceeding to include Protected Material so that the other parties can ensure that only
authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements.

Nothing in this Order shall prevent an officer, director, partner or employee of a Party, who has managerial responsibility with respect to the prosecution, settlement, or other disposition of this Action, from attending any deposition, except that unless otherwise agreed by the Designating Party, only persons entitled to receive "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" shall be present when Protected Material is disclosed at a deposition, when Protected Material is the subject of questioning at a deposition, or when any Party reasonably anticipates that its proprietary, confidential, or sensitive personal or business information, including without limitation trade secret or other confidential research, development, technical, cost, price, financial, marketing or other commercial information, will be disclosed during a deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time, provided, however, that no such application shall be made after entry of a final judgment or settlement that results in a dismissal of all claims. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

- 8 -

6.3     Judicial Intervention.  If the dispute is not resolved consensually between the parties under section 6.2, the Challenging Party may move the Court for a ruling on the challenge.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL INFORMATION". Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

- 9 -

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, its personnel, and jurors;

(e) court reporters and their staff, videographers, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Any witnesses testifying at deposition, hearing or trial in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION". Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Sarah E. DiLuzio and Vincent M. Cantanzaro, House Counsel for DuPont;

(c) Outside Consultants and Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure of any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(d) the Court, its personnel, and jurors;

(e) court reporters and their staff, videographers, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

- 12 -

(ii)      promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)  make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.      **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

If a Producing Party inadvertently disclosed to a Receiving Party documents or information that it believes is privileged, such disclosure does not constitute a waiver of privilege or work product protection for those materials or the subject matter of those materials in this proceeding or in any other Federal or State proceedings involving the parties to this proceeding or third parties provided that promptly upon discovery of such disclosure the Producing Party

- 13 -

notifies the Receiving Party that the inadvertently disclosed documents or information are privileged, identifies the grounds on which the assertion of privilege is based, and requests that the documents or information be returned.  Upon receipt of such written notice, the Receiving Party will return or destroy the inadvertently produced documents or information and all copies thereof within ten (10) calendar days of receiving the written notice and request for return of such documents or information.  The Receiving Party that returns inadvertently produced documents or information may thereafter seek production of any such documents or information, but may not assert waiver of privilege based on the inadvertent production.

12.   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material</u>.  In the event that Counsel for any party determines to file with the Court any page with information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such page shall be filed under seal without the need of further Court order.  Any page designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be filed in a sealed envelope marked with the title of the action and bearing a statement substantially in the following form:

HIGHLY CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO THE
STIPULATED PROTECTIVE ORDER DATED
_____ _____, 2012.

- 14 -

THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED OR REVEALED
EXCEPT BY OR TO QUALIFIED PERSONS OR BY
COURT ORDER.

All such materials shall be accepted by the Clerk of the Court for filing and shall

be maintained by the Clerk of the Court separate from the public records in this action and shall

be released only upon further order of the Court.  Any filing with the Court containing an item or

information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," including documents that contain, make reference to, reveal, disclose or

summarize information contained in documents designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall not be filed electronically.  Instead, a

party shall electronically file a notice of service containing the title of the document that has been

filed under seal and the notice of service shall indicate that the document was filed under seal

pursuant to this Order.

The parties expressly acknowledge that, if any party determines to file with the

Court any item or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," such party shall be deemed to have complied with Fed. R. Civ.

P. 26(c) and need not seek a protective order pursuant thereto.

13.     **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in section 4

above, each Receiving Party must return all Protected Material to the Producing Party or destroy

such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

- 15 -

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Order as set forth in section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

ROBBINS RUSSELL ENGLERT ORSECK
UNTEREINER & SAUBER, LLP

By: _____
       Gary A. Orseck
       Kathryn S. Zecca
       Ariel Lavinbuk
       Leif Overvold
1801 K Street, N.W., Suite 411
Washington, DC 20006
gorseck@robbinsrussell.com
kzecca@robbinsrussell.com
alavinbuk@robbinsrussell.com
lovervold@robbinsrussell.com

*Attorneys for Plaintiff*
*Big Vision Private Limited*

PHILLIPS LYTLE LLP

By: _____
       Edward S. Bloomberg
       Michael J. Berchou
3400 HSBC Center
Buffalo, New York 14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
mberchou@phillipslytle.com

Anna R. Mercado
PHILLIPS LYTLE LLP
437 Madison Avenue
New York, New York 10022
Tel: (212) 759-4888
Fax: (212) 308-9079
amercado@phillipslytle.com

*Attorneys for Defendant*
*E.I. du Pont de Nemours & Company*

- 16 -

*This Order is subject to modification by the Court.*

**SO ORDERED.**

4/26/12

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ , declare and say that:

1.  I am employed as _____

by _____.

2.  I have read the Protective Order entered in *Big Vision Private Limited vs. E.I. du Pont de Nemours & Company*, Case No. 11 Civ. 8511 (ALC) (THK), and have received a copy of the Protective Order.

3.  I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons permitted under the Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of New York with respect to enforcement of the Protective Order.

6.  I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____

Printed name: _____

Signature: _____

- 18 -